In the United States Court of Appeals
for the Fifth Circuit

| Christopher Wooten, | § | |
| Petitioner-Appellant, | § | |
| v. | § | Case No. 21-10924 |
| | § | |
| Bobby Lumpkin, | § | |
| Respondent-Appellee. | § | |

Unopposed Motion to Abate or, in the Alternative, for an
Extension of Time to File the Initial Brief

Petitioner Christopher Wooten respectfully moves this Court to abate this case and suspend briefing pending the outcome of state court proceedings. In the alternative, counsel requests a 14-day extension of time to file the initial brief. In support of this Motion, Petitioner states the following:

1. In July of 2016, Christopher Wooten was prosecuted in Howard County, Texas for the third-degree felony offense of driving while intoxicated after two or more prior DWI convictions. The indictment alleged that the instant offense was a felony because Mr. Wooten had two prior DWI convictions—one from June of 1983 and another from January of 1986. These two allegations were "elements of the offense," so they had to be "charged in the indictment, submitted to the jury, and proven by the State beyond a reasonable doubt." *Weaver v. State*, 87 S.W.3d 557, 560 (Tex. Crim. App. 2002). These allegations made the offense a third-degree felony, with a punishment range of 2–10 years in prison. Tex. Penal Code § 49.09(b)(2); § 12.34. One of those allegations was wrong. Mr. Wooten was never actually "convicted" of DWI in 1983.

2. The indictment also included two enhancement paragraphs, which raised the sentencing range to 25 years to life.

1

3. The state trial court and Mr. Wooten's counsel wrongly informed Mr. Wooten that the 1983 DWI was a final conviction. With this erroneous advice, Mr. Wooten took a plea deal for 13 years of imprisonment.

4. Mr. Wooten later filed a state habeas application but the Court of Criminal Appeals denied relief. *Ex parte Wooten*, WR-64,526-04 (Tex. Crim. App. March 14, 2018).

5. In 2017, Mr. Wooten filed a 28 U.S.C. § 2254 motion for relief in the district court alleging, among other things, that his DWI should be vacated because his due process rights were violated and he received ineffective assistance of counsel.

6. The district court denied relief on Mr. Wooten's 28 U.S.C. § 2254 motion on August 31, 2021.

7. Mr. Wooten filed for a certificate of appealability, which this Court granted on May 31, 2022, on the following issues:

    a. Whether the state trial court violated his right to due process when it predicated the conviction on misinformation and a misreading of court records;

    b. Whether his plea was unknowing and involuntary because trial counsel and the state trial court wrongly advised him about the nature of his enhancing conviction, which was an element of the offense under Texas law; and

    c. Whether counsel provided ineffective assistance by failing to investigate the elements listed in the indictment and failed to correct the trial court's obvious error.

8. Since this Court granted COA, counsel for Mr. Wooten has communicated with the Howard County District Attorney regarding this case. The parties have agreed to file a Joint Suggestion to reconsider the court's earlier denial of Mr. Wooten's state habeas application in the Texas Court of Criminal Appeals.

9. If the Court of Criminal Appeals grants relief, the issues presented in this appeal will be rendered moot.

## Conclusion

Mr. Wooten respectfully requests that this Court abate his appeal and suspend the briefing schedule pending the Court of Criminal Appeals' ruling on the Joint Suggestion for Relief. In the alternative, counsel requests an extension of time up to August 22, 2022, to file the initial brief in this case.

Respectfully submitted,

/s/ Jessica Graf
JESSICA GRAF
Assistant Federal Public Defender
525 S Griffin, STE 629
Dallas, TX 75202

*Counsel for Mr. Wooten*

## Certificate of Service

I certify that on August 3, 2022, I filed this Motion through the Court's ECF system. Opposing counsel has therefore been served

/s/ Jessica Graf

## Certificate of Conference

I conferred with Assistant Attorney General Nathan Tadema. Mr. Tadema is not opposed to the relief requested in this Motion.

/s/ Jessica Graf

## Certificate of Compliance

1. This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2) because it contains less than 575 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in proportionally spaced typeface using Microsoft Word 2016 in 14-point Goudy Old Style font.

/s/ Jessica Graf