In the United States Court of Appeals
for the Fifth Circuit

Case Number 21-10924

**UNITED STATES OF AMERICA,**
Plaintiff-Appellee,

v.

**CHRISTOPHER WOOTEN,**
Defendant-Appellant.

**Motion to Supplement the Record
on Appeal**

Appellant Christopher Wooten moves the Court to supplement the Record on Appeal with copies of (a) the parties' joint suggestion to reconsider the Texas Court of Criminal Appeals's original denial of habeas relief and (b) the document advising that the suggestion had been denied without written order.

This motion is not intended to argue or stipulate that these documents are relevant to the appeal. That is a question the parties can address in their briefs and the Court can resolve if necessary. But the parties agree that these are true and correct copies of documents filed in the Texas Court of Criminal Appeals. If the Court grants the motion, then the parties will be able cite the documents using the ROA format as the other state-court papers.

## Conclusion

For all these reasons, I ask on behalf of Appellant that the Court grant this motion.

Respectfully submitted,

/s/ J. Matthew Wright
J. Matthew Wright
Assistant Federal Public Defender
Northern District of Texas
500 S. Taylor St.., Ste. 110
Amarillo, Texas 79101
Phone (806) 324-2370
Fax  (806) 324-2372

ATTORNEY FOR APPELLANT

## Certificate of Conference

I conferred with Nathan Tadema before filing this motion. Respondent-Appellee will not oppose this request.

/s/ J. Matthew Wright

## Certificate of Service

I filed this motion via the Court's ECF system on December 8, 2022. Opposing counsel, a registered filer, is deemed served.

/s/ J. Matthew Wright

# Certificate of Compliance

1. This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because it contains 328 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in proportionally spaced typeface using Microsoft Word in 14-point Goudy Old Style font.

/s/ J. Matthew Wright

WR-64,526-04
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 8/15/2022 9:36 PM
Accepted 8/16/2022 8:53 AM
DEANA WILLIAMSON
CLERK

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS
# IN AUSTIN, TEXAS

RECEIVED
COURT OF CRIMINAL APPEALS
8/16/2022
DEANA WILLIAMSON, CLERK

|  |  |
|---|---|
| *Ex parte* Christopher Bennett Wooten ) <br> ) <br> **Applicant** ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | **COURT OF CRIMINAL APPEALS** <br><br> **NO. WR-64,526-04** |

## JOINT SUGGESTION TO RECONSIDER, ON THE COURT'S OWN MOTION, MR. WOOTEN'S INITIAL APPLICATION FOR A WRIT OF HABEAS CORPUS

Lane A. Haygood
The Law Offices of Bailey & Galyen
3800 East 42nd Street
Suite 110
Odessa, Texas 79762
lhaygood@galyen.com

Hardy Wilkerson
118th Judicial District Attorney
Howard, Martin and Glasscock Counties
312 Scurry St.
Big Spring, TX 79720
(432) 264-2220
Hardy.Wilkerson@howardcountytx.com

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

Applicant Christopher Wooten and Respondent the State of Texas respectfully suggest that this Court reconsider, on its own motion, the denial of Wooten's first application for habeas corpus relief, *Ex parte Wooten*, WR-64,526-04 (Tex. Crim. App. March 14, 2018).

The power to grant habeas corpus relief rests exclusively with this Court. Tex. Code Crim. P. art. 11.07 § 3(a). When this Court denies habeas relief, the applicant may not file a motion for rehearing. Tex. R. App. P. 79.2(d). However, this Court has the power to reconsider a habeas case "on its own initiative." *Id.* This Court allows parties to submit a "suggestion" that the Court reconsider denial of relief on the Court's own motion; the Court has held this practice complies with Rule 79.2(d)'s grant of sua sponte reconsideration authority. *See, e.g.*, *Ex parte Robertson,* 603 S.W.3d 427 (Tex. Crim. App. 2020); *Ex parte Moussazadeh,* 361 S.W.3d 684 (Tex. Crim. App. 2012); *Ex parte Moreno*, 245 S.W.3d 419, 422 (Tex. Crim. App. 2008). For reasons discussed below, the parties respectfully suggest this case warrants reconsideration upon the Court's own initiative.

## I. Introduction

Mr. Wooten entered a guilty plea and agreed to a sentence of 13 years in prison based on an indictment that everyone now agrees erroneously alleged a deferred adjudication as a final conviction to elevate Mr. Wooten's misdemeanor DWI case to a felony. However, even though Mr. Wooten raised questions about whether the probationary disposition from his 1983 DWI charge could truly support the felony

2

indictment, the trial court, the prosecution, and Mr. Wooten's defense counsel mistakenly advised him that the 1983 DWI was a final conviction that would support the current felony DWI indictment. As a result, Mr. Wooten was under the false impression that he faced 25 years to life in prison on that indictment if he did not accept a 13-year plea bargain. The parties now agree that Mr. Wooten is entitled to relief and request that this Court set aside the judgment and remand with instructions for the trial court to enter a judgment of conviction for third-degree felony DWI with punishment set at eight years of imprisonment. *See Ex parte Arnold*, 574 S.W.2d 141, 142 (Tex. Crim. App. 1978).

## II. Statement of the Case

The parties agree and stipulate to the following facts:

### A. Relevant Facts:

1. In July of 2016, Christopher Wooten was indicted in Howard County, Texas for the third-degree felony offense of driving while intoxicated after two or more prior DWI convictions. The indictment alleged that the instant offense was a felony because Mr. Wooten had two prior DWI convictions—one from June of 1983 and another from January of 1986. SHCR at 21.[1] The two prior DWI convictions were "elements of the offense," so they had to be "charged in the indictment, submitted to the jury, and proven by the State beyond a reasonable doubt." *Weaver v. State*, 87 S.W.3d

---

[1] "SHCR" refers to the State Habeas Court Record prepared on October 12, 2017, under Howard County Docket Number 14804-A, which is the Record filed in this Court under WR-64,526-04.

3

557, 560 (Tex. Crim. App. 2002); *accord Gibson v. State*, 995 S.W.2d 693, 696 (Tex. Crim. App. 1999) ("The prior intoxication-related offenses, whether they are felonies or misdemeanors, serve the purpose of establishing whether the instant offense qualifies as felony driving while intoxicated."). These allegations made the offense a third-degree felony, with a punishment range of 2–10 years in prison. Tex. Penal Code § 49.09(b)(2); § 12.34.

2. One of those allegations—everyone now agrees—was wrong. Mr. Wooten was never actually "convicted" of DWI in 1983, Howard County Cause Number 31429. He was sentenced to probation, which he successfully completed. At that time, a sentence of probation was considered deferred adjudication, not a final conviction. *See Ex parte Serrato*, 3 S.W.3d 41 (Tex. Crim. App. 1999).

3. The indictment also listed two punishment-enhancing facts based on a separate prior DWI conviction and a prior burglary conviction. SHCR at 21−22. Based on the alleged enhancements, the punishment range was to 25 years−life. *See* Tex. Penal Code § 12.42(d).

4. The State and Mr. Wooten initially reached a plea agreement for an eight-year sentence. The trial judge informed the parties he would not accept that agreement. The parties renegotiated for a 13-year sentence.

5. Before the scheduled plea hearing, Mr. Wooten filed pro se pretrial motions objecting to the use of the 1983 DWI as an element of the offense. He argued that the 1983 disposition was a deferred adjudication, not a final conviction. SHCR at

26. He asked that the elemental predicate be removed from his record through expunction or nondisclosure and that he be permitted to plead to a lesser-included offense. SHCR at 26.

6. The court denied Mr. Wooten's motions and informed Mr. Wooten that his 1983 DWI qualified as an element of the instant felony case. In a written order memorializing its ruling on the pretrial motions, the trial court stated that it had reviewed the documents for the 1983 DWI and that it was not a deferred adjudication. SHCR at 66. The trial court also told Mr. Wooten that the minimum punishment on the indictment would be 25 years in prison.

7. Mr. Wooten's defense counsel made no objection to the court's mistaken advice.

8. After the trial court told Mr. Wooten that his 1983 DWI was an element of the felony case and he faced 25–life on the indictment, Mr. Wooten orally stipulated that he was guilty of the felony DWI offense. As part of the 13-year plea agreement, Mr. Wooten waived his right to appeal. SHCR at 51−52. That appeal waiver does not foreclose his right to habeas relief. *See State v. Wilson*, 324 S.W.3d 595, 599 (Tex. Crim. App. 2010); *Ex parte Sparks*, 206 S.W.3d 680, 683 (Tex. Crim. App. 2006).

**B. Procedural History**

1. Mr. Wooten filed his first state habeas application in which he alleged, among other things, that his sentence was unlawful because the 1983 DWI was not a

final conviction. SHCR at 5–13.² The State responded with a general denial but did not specifically address the merits of Mr. Wooten's claims. SHCR at 15.

2. Mr. Wooten's sentencing judge recused himself and a visiting judge made brief findings of fact and conclusions of law. SHCR at 16–18. The habeas court reviewed the record, which included the sentencing court's written ruling that the 1983 DWI was not a deferred adjudication, but found "no evidence" to support any of Mr. Wooten's allegations.

3. This Court denied Mr. Wooten's application without written order on March 14, 2018. Ex parte Wooten, WR-64,526-04 (Tex. Crim. App. March 14, 2018).

4. In 2020, the State moved to dismiss the 1983 DWI case, acknowledging that Mr. Wooten "successfully completed the probation and therefore this case should be dismissed." *State v. Wooten*, No. 31,429 (Co. Ct. at Law, Howard County, Tex. May 26, 2020). The Howard County Judge granted that motion and dismissed the case on May 26, 2020. *State v. Wooten*, No. 31,429 (Co. Ct. at Law, Howard County, Tex. May 26, 2020).

5. Meanwhile, Mr. Wooten was paroled from the Texas Department of Criminal Justice.

---

² Mr. Wooten filed multiple state habeas applications but only the first one is relevant for purposes of this Motion.

### III. Reconsideration of Mr. Wooten's initial application is appropriate because the Court's previous denial was premised on a material mistake of fact.

Reconsideration is justified in this case. This Court has made clear that reconsideration is an appropriate vehicle to remedy the effect of a material mistake of fact in the initial state habeas proceedings. *See Ex parte Moreno,* 245 S.W.3d 419, 431 (Tex. Crim. App. 2008) (Keller, P.J., concurring) (stating a Suggestion that the Court Reconsider a claim upon its own motion is appropriate when the claim was "originally raised in the application" and this Court's denial of relief on the claim rested on "indisputable mistake[s] of fact [] that the reconsideration seeks to rectify . . . .").

This Court's prior denial of Mr. Wooten's habeas application rested on a material mistake of fact—that Mr. Wooten's 1983 DWI resulted in a final conviction and there was "no evidence" to support Mr. Wooten's claims for relief. The parties now agree that the habeas court was wrong and ask this Court to reconsider its denial of relief. *See Ex parte Hodges*, No. WR-76,096-01, 2013 WL 6706101, at *1 (Tex. Crim. App. Dec. 18, 2013) (reconsidering initial application on the Court's own motion and granting relief when indictment erroneously alleged 1983 probation sentence as a final conviction).

The parties agree that Mr. Wooten's indictment does not support the second-degree felony conviction and sentence in this case and Mr. Wooten is entitled to relief. *See Ex parte Hill*, 632 S.W.3d 547, 556 (Tex. Crim. App. 2021) (recognizing that a claim of illegal sentence based on an invalid enhancement is cognizable in post-conviction

habeas corpus proceedings). The parties further agree that the appropriate remedy is reinstatement of the original plea bargain—a plea to a third-degree felony DWI, with an eight-year sentence. *See Ex parte Arnold*, 574 S.W.2d 141, 142 (Tex. Crim. App. 1978). While the 1983 DWI was not an appropriate element to elevate the 2016 DWI to a felony, the indictment alleged, and Mr. Wooten admitted, two truly final prior DWI convictions. The first was the 1986 conviction in Howard County Case No. 34808. The second was a 2012 conviction in Howard County Case No. 13389, which the parties believed at the time would elevate the instant offense from a third-degree felony to a second-degree felony. If everyone at the time had recognized the mistake about the 1983 DWI, the trial court would have accepted the original eight-year plea bargain for a third-degree felony conviction, and Mr. Wooten likewise would have agreed to that plea bargain.

## Conclusion

The parties respectfully request that this Court, on its own motion, reconsider Mr. Wooten's initial habeas application, set aside the judgment in Cause No. 14804-A, and remand to the trial court with instructions to enter a judgment of conviction for the third-degree felony offense of driving while intoxicated and accept the parties' plea agreement to sentence Mr. Wooten to eight years of imprisonment. In the alternative, the parties request the Court set aside the judgment and remand for proceedings consistent with its opinion.

Respectfully submitted,

/s/ Lane A. Haygood
Lane A. Haygood
The Law Offices of Bailey & Galyen
3800 East 42nd Street
Suite 110
Odessa, Texas 79762


/s/ Hardy Wilkerson
Hardy Wilkerson
118th Judicial District Attorney
Howard, Martin and Glasscock Counties
312 Scurry St.
Big Spring, TX 79720
(432) 264-2220
Hardy.Wilkerson@howardcountytx.com

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lane Haygood
Bar No. 24066670
haygoodlawfirm@gmail.com
Envelope ID: 67313397
Status as of 8/16/2022 8:54 AM CST

Associated Case Party: ChristopherBennettWooten

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Lane Haygood | 24066670 | lhaygood@galyen.com | 8/15/2022 9:36:06 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lane Haygood
Bar No. 24066670
haygoodlawfirm@gmail.com
Envelope ID: 67313397
Status as of 8/16/2022 8:54 AM CST

Associated Case Party: 118th Judicial District Attorney

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Hardy L. Wilkerson | 21479200 | hardy.wilkerson@howardcountytx.com | 8/15/2022 9:36:06 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lane Haygood
Bar No. 24066670
haygoodlawfirm@gmail.com
Envelope ID: 67313397
Status as of 8/16/2022 8:54 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Matthew Wright | | matthew_wright@fd.org | 8/15/2022 9:36:06 PM | SENT |

**9/6/2022**
**WOOTEN, CHRISTOPHER BENNETT**            **Tr. Ct. No. 14804-A**
**WR-64,526-04**

This is to advise that the applicant's suggestion for reconsideration has been denied without written order. *Ex parte Rodgers*, 598 S.W.3d 262 (Tex. Crim. App. 2020) and *Ex parte Parrot*, 396 S.W.3d 531 (Tex. Crim. App. 2013).

                                                           Deana Williamson, Clerk

                 CHRISTOPHER BENNETT WOOTEN
                 WYNNE UNIT - TDC # 2089854
                 810 FM 2821
                 HUNTSVILLE, TX 77349

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS FILE COPY
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

**9/6/2022**
**WOOTEN, CHRISTOPHER BENNETT**            **Tr. Ct. No. 14804-A**
**WR-64,526-04**

This is to advise that the applicant's suggestion for reconsideration has been denied without written order. *Ex parte Rodgers*, 598 S.W.3d 262 (Tex. Crim. App. 2020) and *Ex parte Parrot*, 396 S.W.3d 531 (Tex. Crim. App. 2013).

                                                          Deana Williamson, Clerk

                 LANE HAYGOOD
                 HAYGOOD LAW FIRM
                 522 NORTH GRANT
                 ODESSA, TX 79761
                 * DELIVERED VIA E-MAIL *